F.#2010R01224

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:11-CR-833 (JFB) |
| - against - | Honorable Joseph F. Bianco |
| HOWARD LEVINE, | Sentencing: April 26, 2012 at 1:30 p.m. |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through the undersigned attorneys, hereby submits this sentencing memorandum regarding defendant Howard Levine. The defendant pleaded guilty to corruptly endeavoring to obstruct the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a) (Count One), and aiding in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2) (Count Two). Based on the factors set forth in 18 U.S.C. § 3553(a), the U.S. Sentencing Guidelines, and the Plea Agreement between the government and the defendant, the government requests that the Court sentence the defendant to a term of incarceration within the guidelines range of 37 to 46 months. Additionally, the government requests that the defendant be ordered to pay $320,998 in restitution to the Internal Revenue Service ("IRS").

**I.   Statement of Facts**

The defendant owned and operated Milaur Associates Inc, also known as Milaur, Inc. ("Milaur"), from his home in Dix Hills, New York. Through Milaur, the defendant prepared United States Individual Income Tax Returns and accompanying schedules ("Forms 1040") for paying clients. Many of the Forms 1040 prepared by the defendant for tax years 2004 through

2009 were false. These false tax returns contained fictitious deductions, business expenses, and corporate losses. The defendant also included false information in the "paid preparer" section of the false Forms 1040 that he prepared.

On August 13, 2009, the government and the defendant filed a Stipulation for Entry of an Order of Permanent Injunction ("the Injunction"), which this Court granted on August 18, 2009. *See United States v. Levine*, No. 2:09-CV-3460-SJF-WDW (E.D.N.Y. Aug. 18, 2009). The Injunction, in part, barred the defendant from "[preparing] or assisting in the preparation of any federal tax return for anyone other than himself." In addition, the defendant agreed as part of the Injunction that he would (1) send a client list to government counsel within fifteen days of entry of the Injunction; (2) mail a copy of the Injunction to all of the persons and entities on his client list; and (3) file a sworn certificate with the Court stating that he complied with the mailing requirement.

The defendant began violating the Injunction almost immediately. The client list that the defendant sent to the government failed to include all of his clients. Then, on October 1, 2009, the defendant filed a sworn declaration with this Court falsely indicating that he "mailed a copy of the injunction order . . . to all persons on my customer list, which I have provided to the government." Despite the defendant's sworn statement to the contrary, he did not mail a copy of the Injunction to his clients.

Perhaps most importantly, the defendant repeatedly violated the Injunction by continuing to prepare Forms 1040 for his clients. As with the prior years' returns that triggered the Injunction, the returns that the defendant prepared subsequent to the Injunction contained false deductions, expenses, and losses. The defendant also continued to list false information in the paid preparer section of the false returns including (a) a social security number other than his

2

own; (b) an address in Commack instead of Dix Hills; and (c) an altered signature.

In all, for tax years 2004 through 2009, the defendant prepared no fewer than 56 false returns for no fewer than 16 paying clients. The IRS calculated a tax loss to the government of $620,844 based on the defendant's criminal conduct.

On January 5, 2012, the defendant pleaded guilty, pursuant to a plea agreement, to corruptly endeavoring to obstruct the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a) (Count One), and aiding in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2) (Count Two). As part of the plea agreement, the government and the defendant agreed that the Court may order the defendant to pay restitution to the IRS for the full loss due to his criminal conduct ($620,844), reduced by amounts paid by other responsible parties.

## II. United States Sentencing Guidelines

Even though the U.S. Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *see also United States v. Stewart*, 590 F.3d 93, 166–67 (2d Cir. 2009) (stating that procedural steps prescribed by law includes correct calculation of Guidelines range). In this case, the Presentence Investigation Report computed the total offense level as follows:

| | |
|---|---|
| Base Offense Level (based on Tax Loss of $620,844):<br>    *See* U.S.S.G. §§2T1.1, 2T1.4, 2T4.1(H) | 20 |
| Tax Return Preparer Enhancement:<br>    *See* U.S.S.G. §2T1.4(b)(1)(B) | +2 |
| Obstruction of Justice Enhancement:<br>    *See* U.S.S.G. §3C1.1 | +2 |
| Acceptance of Responsibility Reduction:<br>    *See* U.S.S.G. §3E1.1(a),(b) | –3 |
| Total Offense Level: | 21 |

The government agrees with the above Guidelines analysis.  With a Level 21 offense level and a Category 1 criminal history,[1] the defendant's U.S. Sentencing Guidelines range is 37–46 months of imprisonment.

### III.     Other 18 U.S.C. § 3553(a) Sentencing Factors

In addition to the U.S. Sentencing Guidelines, the Court must consider the other factors set forth in 18 U.S.C. § 3553(a).  A sentence within the range advised by the Sentencing Guidelines in this case appropriately considers the nature and circumstances of the offense; reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; affords adequate deterrence; is consistent with the Sentencing Commission's policy statements on the need for deterrence in tax crimes; and is no greater than necessary for these purposes.  18 U.S.C. § 3553(a)(1), (2), (5), (6).  Specifically, this Court should sentence the defendant to a 37–46 month term of imprisonment for the following reasons:

#### A.     *Nature and Circumstances of the Offenses*

The defendant took deliberate and willful steps to defraud the United States and to profit from that conduct.  Preparing dozens of false tax returns that cheated the United States out of hundreds of thousands of dollars is a serious crime.  While the government is asking for a significant term of imprisonment, such a request is justified.  The victims of the defendant's offenses, besides those former clients who have had ongoing problems with the IRS as a result of the false returns prepared by the defendant, are all of the honest hardworking U.S. citizens and residents who go to work each day and pay their share of taxes as the law requires of them.

---

[1] The defendant pleaded guilty in this Court to a felony tax offense in 2000, but this prior conviction does not increase the defendant's Criminal History Category.

4

**B.**     *Need to Promote Respect for the Law*

The need to promote respect for the rule of law warrants a strong sentence in this case. This case is the defendant's third appearance before this Court for his unwillingness to comply with the Internal Revenue Code. The defendant first appeared before this Court in 2000 when he pleaded guilty to a felony offense concerning falsities on his own federal income tax returns in the early 1990s. The defendant received a sentence of six months of home confinement and one year of probation. This sentence did not provide the necessary level of punishment, as the defendant was soon in the midst of committing the instant offenses. In 2009, the defendant again appeared before this Court when he admitted to filing false returns and agreed to entry of the Injunction against him. Apparently unappreciative of his second opportunity to reform his ways, the defendant continued his course of criminal conduct. Despite multiple opportunities to comply with the law, the defendant has shown a consistent lack of respect for the Internal Revenue Code and the authority of this Court. In this case, true respect for the law can only be achieved by a significant jail sentence.

**C.**     *Need to Afford Adequate Deterrence*

The need for deterrence in this case similarly warrants a strong sentence. In some sense, the need for deterrence in tax-fraud sentences— more so than perhaps other crimes— is apparent from the relevant numbers: the number of taxpayers in the United States far, far exceeds the number of auditors and criminal investigators available at the IRS. Courts have routinely recognized this dynamic, as noted in *United States v. Ture*, 450 F.3d 352 (8th Cir. 2006):

> Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

*Id.* at 357 (quoting U.S.S.G. ch. 2, pt. T, introductory cmt.).

Tax fraud schemes like the one cultivated by the defendant undermine the trust that is essential to the proper functioning of our revenue laws. The defendant's actions forced other community members to carry an extra burden in order to accomplish the daily work of local, state, and federal governments. This case presents a powerful need and opportunity for this Court to deter similar tax frauds. Absent such deterrence, other tax return preparers will see the result in this case and cynically conclude that the risks of being caught and punished for tax fraud do not outweigh the potential rewards. Deterrence is thus critical not only to ensure that a particular individual pays the taxes that the individual owes, but also to ensure that others continue to be honest taxpayers.

  **D.**  *Need to Protect the Public from Further Crimes of the Defendant*

While the Information charges the defendant with defrauding the United States, it is important to realize that the defendant's victims also include his clients who relied on him as a tax professional, who did not know about the false items he placed on their tax returns and who the IRS subsequently audited for back taxes and penalties. In addition, the defendant continued his fraudulent conduct even after this Court civilly enjoined him from continuing to prepare federal tax returns. A term of incarceration as advised by the U.S. Sentencing Guidelines is appropriate in these circumstances.

  **E.**  *Need to Avoid Unwarranted Sentence Disparities Among Defendants Guilty of Similar Conduct*

Generally, the need to avoid unwarranted sentence disparities weighs in favor of imposing a sentence within the advisory guidelines range. The criminal tax provisions of the U.S. Sentencing Guidelines were established explicitly in part "to reduce disparity in sentencing

for tax offenses." U.S.S.G. §2T1.1 cmt. background; *see also* 28 U.S.C. § 991(b)(1)(B) (purposes of U.S. Sentencing Guidelines). And as the Supreme Court stated, "For even though the Guidelines are advisory rather than mandatory, they are, as we pointed out in *Rita*, the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007).

### IV.    Restitution

Finally, an order of restitution in this case is warranted. *See* 18 U.S.C. §§ 3663, 3663A. As noted above, the parties have determined that the agreed-upon tax loss figure in the plea agreement is approximately $620,844. The parties further agreed that the amount of restitution would be calculated by reducing the actual tax loss by any payments made by other responsible parties. The parties agreed that as of January 5, 2012, the amount not yet repaid to the IRS by the defendant or his clients totaled $320,998.[2] The government seeks a restitution order for that amount.

---

[2] No payments were made between January 5, 2012 and April 11, 2012.

**V.      Conclusion**

The United States relies upon the honesty of taxpayers to fund its functions. The defendant made a deliberate choice to take advantage of the federal tax system for personal profit at the expense of the United States, of other honest taxpayers, and of his clients. For the aforementioned reasons, the Government recommends that this Court sentence Defendant Howard Levine to a term of imprisonment within the Sentencing Guidelines range of 37–46 months. Such a sentence is appropriate in this case and consistent with the U.S. Sentencing Guidelines, the defendant's Plea Agreement, and the factors enumerated in 18 U.S.C. § 3553(a). The government further requests that the Court enter an order of restitution in the amount of $320,998.

>                    Respectfully submitted,
>
>                    LORETTA E. LYNCH
>                    United States Attorney
>
> By:      /s/ Jeffrey Bender
>          JEFFREY B. BENDER
>          MARK W. KOTILA
>          Trial Attorneys
>          U.S. Department of Justice, Tax Division
>          Northern Criminal Enforcement Section
>          601 D. Street, N.W. – Room 7818
>          Washington, DC 20530
>          Direct: (202) 305-4077
>          Fax: (202) 616-1786
>          jeffrey.b.bender@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2012, a copy of the foregoing United States Sentencing Memorandum was electronically filed with the Clerk of the Court using CM/ECF and thereby, forwarded by electronic mail to the following:

    Peter Tomao, Esq.
    Counsel for Defendant Howard Levine

                                             By:    /s/ Jeffrey Bender
                                                      JEFFREY B. BENDER
                                                      MARK W. KOTILA
                                                      Trial Attorneys
                                                      U.S. Department of Justice, Tax Division
                                                      202.514.5150